## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GURSON OSWALD GOURZONG, | : | CIVIL NO. 3:15-CV-1969 |
| | : | |
| Petitioner, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| CRAIG A. LOWE,[1] | : | |
| | : | |
| | : | |
| Respondents. | : | |

## <u>MEMORANDUM ORDER</u>
January 11, 2016

## I. Introduction.

On October 9, 2015, Petitioner Gurson Oswald Gourzong ("Gourzong"), filed a petition (*doc. 1*) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") without a bond hearing. *Id.* ¶ 1. On December 4, 2015, the Respondent filed a motion (*doc. 12*), requesting the Court to order a bond hearing for Gourzong before an immigration judge. For the reasons set forth below, the Court will grant the motion and direct an immigration judge to conduct a bond hearing within 14 days of this Court's Order.

---

[1] On December 22, 2015, the Petitioner, through counsel, notified (*doc. 14*) the Court that the Department of Homeland Security transferred the Petitioner to Pike County Prison. As such, Craig A. Lowe is the proper-party respondent in this matter, since he is currently the warden at Pike County Prison and has custody of the Petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

## II. Background.

Gourzong, a native and citizen of Jamaica, was admitted to the United States as a lawful permanent resident on July 30, 1983. *Doc. 1* ¶¶ 16, 22. Over twenty-two years later, in December of 2014, ICE initiated removal proceedings, charging Gourzong as removable from the United States under §§ 237(a)(2)(A)(ii) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1227(a)(2)(A)(ii), 1227(a)(2)(A)(iii), for an aggravated felony conviction and two convictions of crimes involving moral turpitude. *Id.* ¶¶ 16, 24; *id.* at 4 n.4. More specifically, Gourzong was convicted of committing terroristic threats and sexual abuse of a minor. *Id.* ¶¶ 22, 24. Based on these convictions, the immigration judge determined, pursuant to 8 U.S.C. § 1226(c), INA § 236(c), that Gourzong was subject to mandatory detention during his removal proceedings. *Doc. 1* ¶ 30. On December 12, 2014, Gourzong was taken into custody and has been detained ever since. *Id.* ¶ 16.

Ultimately, the immigration judge ordered Gourzong to be removed from the United States. *Id.* ¶ 31. Gourzong appealed to the Board of Immigration Appeals ("BIA"), which affirmed the decision of the immigration judge. *Id.* ¶¶ 31, 32. Gourzong then filed a petition for review with the United States Court of Appeals for the Third Circuit and requested a stay of removal. *Id.* ¶ 32. The Court of

Appeals granted the stay, and it is currently in dispute whether the matter should be remanded to the BIA for further proceedings.  *Id.* ¶ 32; *see doc. 9.*

It is based upon this background that the Respondent has filed the instant motion (*doc. 12*) requesting the Court to order a bond hearing for Gourzong before an immigration judge.  Gourzong's counsel concurs in this motion.  *Id.* at 1.

### III. Legal Standard.

Although the "Supreme Court left no doubt that the Government's authority under [§] 1226(c) to detain aliens without an opportunity for bond complies with the Constitution," *Chavez-Alvarez*, 783 F.3d 469, 473 (3d Cir. 2015) (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)), "there are limits to this power." *Chavez-Alvarez*, 783 F.3d at 473 (citing *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011).   In particular, § 1226(c) "[implicitly] authorizes only mandatory detention that is reasonable in length," *Diop v. ICE/Homeland Security*, 656 F.3d 221, 235 (3d Cir. 2011), and where detention has become unreasonable in length, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute"—i.e., that the alien attends removal proceedings and that his release will not pose a danger to the community.  *Id.* at 233; *Chavez-Alvarez*, 783 F.3d at 475.

"[G]iven that Congress and the Supreme Court believed [the purposes of the statute] would be fulfilled in the vast majority of cases within a month and a half, and five months at maximum, . . . the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." *Id.* at 234 (internal citation omitted).  In *Chavez-Alvarez*, the Court of Appeals seemingly expanded upon this statement by providing, in a case where the petitioner had presented a good faith challenge to his removal, that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time [the alien] ha[s] been detained for one year, the burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478.

"Thus, where a petitioner's detention extends beyond the point where his liberty interests outweigh the justifications for continued detention without a bond hearing under § 1226(c), as occurred sometime between six months and one year in *Chavez-Alvarez*, a court reviewing such detention under a habeas challenge should order a bond hearing in the immigration court to determine whether continued detention is required to further the goals of the statute." *Jesus v. Rodriguez*, No. CV 15-4162, 2015 WL 6164000, at *2 (D. N. J. Oct. 19, 2015).

## IV. Discussion.

Here, the Respondent acknowledges that "Gourzong's situation is factually similar to the Third Circuit's recent decision in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015), in which the Court ordered that the alien be provided a bond hearing in order for his pre-final order [of] detention to comply with due process." *Doc. 13* at 4. The Court agrees with the Respondent and finds that the Court of Appeals' disquisition in *Chavez-Alvarez* applies with equal force in this matter.

Applying *Chavez-Alvarez* to Gourzong's case, the Court finds that there is no evidence suggesting bad faith on behalf of Gourzong. To the contrary, the Court finds that Gourzong's legal challenge to his removal has been brought in good faith and raises questions of arguable merit. *See doc. 9*. Moreover, considering that Gourzong's detention has continued for more than one year, the Government has had "enough exposure to [him], and sufficient time to examine information about him to assess whether he truly pose[s] a flight risk or present[s] any danger to the community," and as such, "reviewing [Gourzong's] detention [will not] put the Government in a disadvantaged position to make its case." *Chavez-Alvarez*, 783 F.3d at 477. This is especially true since it is the Government who seeks an order directing an immigration judge to provide Gourzong with a bond hearing.

Finally, the conditions of Gourzong's confinement cannot be overlooked, as he is being held in detention at the Pike County Prison, among "those serving terms of imprisonment as a penalty for their crimes." *Id.* at 478.   This Court recognizes, as did the Court of Appeals' in *Chavez-Alvarez*, that "merely calling a confinement 'civil detention' does not, of itself, meaningfully differentiate it from penal measures," and therefore, as Gourzong's detention continues to grow, his liberties become more deprived. *Id.*

Thus, based on all of these reasons, the Court finds that the balance of interests weigh heavily in favor of Gourzong, and as such, the Court will grant the Respondent's motion.   However, recognizing the concurrent jurisdiction and responsibilities of the Court and the immigration judge in these bail matters, and being "[m]indful of the deference which should be accorded in the first instance to agency decision-making processes," *Leslie v. Holder*, 865 F.Supp.2d 627, 631 (M.D. Pa. 2012), the Court will defer to the immigration judge to make a prompt individualized bail determination.[2]   The Court will also, however, retain jurisdiction to conduct its own bail review, if necessary, under the standards governing bail in habeas corpus proceedings. *Singh v. Sabol*, No. 1:14-CV-1927, 2015 WL 3519075, at *8-9 (M.D. Pa. 2015), appeal dismissed (Sept. 9, 2015)

---

[2] As suggested by the appellate court in *Chavez–Alvarez*, this initial bail determination, in many instances, can, and should, be made by an immigration judge. 783 F.3d at 478 n.12.

(ordering an individualized bond hearing before an immigration judge, where petitioner had been detained for more than one year, but retaining jurisdiction to conduct its own bail review, if necessary).

## V. Conclusion.

For the reasons stated above, the concurred-in motion (*doc. 12*) is **GRANTED**, and the Court will order an immigration judge to conduct a bond hearing.

An appropriate order follows.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge